**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 11 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JACQUELINE LEE PIERSON,
doing business as Energy Outlet,

Petitioner,

v.

DRUG ENFORCEMENT
ADMINISTRATION,

Respondent.

No. 99-9513
(No. 98-1)
(Petition for Review)

**ORDER AND JUDGMENT** *

Before **EBEL** , **KELLY** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Jacqueline Lee Pierson has filed this petition seeking review of a decision of the Drug Enforcement Administration (DEA) denying her application [1] for registration as a retail distributor of list I chemicals pursuant to 21 U.S.C. § 823(h). The agency determined that the application should be denied as being "inconsistent with the public interest." Jacqueline Lee Pierson Energy Outlet; Denial of Application, 64 Fed. Reg. 14269, 14272 (1999). We deny the petition.

Ms. Pierson is the sole proprietor of the "Energy Outlet," a store which sells various natural products to the general public. She sought registration from the DEA to sell ephedrine in her shop. Ephedrine has approved medical uses, but is also used in the manufacture of methamphetamine and, therefore, sellers of ephedrine must comply with federal regulations.

The concern with Ms. Pierson's application arose from incidents which occurred in 1991 and 1992. At that time, Ms. Pierson was an employee of The New Connection which operated four stores. The DEA began an investigation of The New Connection stores after receiving information that they were receiving large quantities of ephedrine. An undercover DEA agent made several large purchases of ephedrine tablets from Ms. Pierson in 1991 and in 1992. At the time

---

[1] Applications were also filed for Ms. Pierson's business under two names, "The New Connection" and "Energy Outlet" both located at the same address. Apparently, Ms. Pierson decided to change the name of The New Connection to Energy Outlet after becoming its sole proprietor.

of purchase, the undercover agent indicated to Ms. Pierson that the purchases were for a motorcycle gang which would be using the ephedrine to make methamphetamine . Ms. Pierson was later arrested along with several other employees. She agreed to plead guilty to some of the charges against her and to testify on behalf of the government at the trial of other employees. The indictments against the co-defendants were later dismissed and Ms. Pierson was allowed to withdraw her guilty plea. In her motion to withdraw her pleas, Ms. Pierson disclosed that she suffered from mental and emotional disorders, that she was dominated and intimidated by the owner of the store, [2] and that she did not want to sell the large quantities of ephedrine and did so only because the owner insisted and assured her she was not doing anything wrong. After Mr. Carles died, Ms. Pierson assumed ownership of one of the stores and became the sole proprietor. In 1995, she filed the application at issue here.

At the hearing on her application, Ms. Pierson testified that she has panic attacks and severe anxiety with resulting voice tremors. She is currently on medication. She testified that she has had no problems running the business. She stated that when the undercover agent told her that the ephedrine was to be used to manufacturer "meth," she did not understand what the word "meth"

---

[2] The owner, Michael Carles, died prior to the arrests.

meant. Ms. Pierson stated that she has made no large sales of ephedrine since becoming the sole proprietor of the store.

The administrative law judge (ALJ) recommended denying the application. She stated:

> I find troubling Ms. Pierson's continuing vulnerability to abuse. Specifically, (1) Ms. Pierson's conduct in the past, (2) her credible testimony of mental and emotional difficulties in the present, and (3) the lack of current information in the record concerning her on-going treatment and prognosis, combine to create serious doubt about Ms. Pierson's current ability to meet the responsibilities of a registrant handling listed chemicals.

Rec. Vol. III, ALJ's Opinion and Recommended Ruling at 24.

The ALJ noted "that the Government has not demonstrated any improper conduct on the part of Jacqueline Pierson since 1992. This passage of time is also significant, or it adds credence to Ms. Pierson's assertions that her mental and emotional difficulties do not interfere with her ability to manage the Respondent business." Id. However, the ALJ concluded that the preponderance of the evidence weighed for the government and recommended denying Ms. Pierson's application. After considering Ms. Pierson's exceptions to the recommended ruling, the Deputy Administrator adopted the recommendation.

On appeal, Ms. Pierson argues that the DEA's decision was not supported by substantial evidence and was arbitrary and capricious as the agency failed to

complete the record after acknowledging that it was deficient.  Ms. Pierson also contends that the agency improperly shifted the burden to her before establishing a prima facie case that her health caused her registration to be inconsistent with the public interest, she was not put on notice that her current medical condition would be an issue at the hearing, and her right to equal protection was violated.

We may set aside the Deputy Administrator's determination only if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law . . . [or] unsupported by substantial evidence. . . ."  5 U.S.C. § 706(2).  Under the arbitrary, capricious, or abuse of discretion standard we may not substitute our own judgment for that of the agency; rather, "we must uphold the agency's action if it has articulated a rational basis for the decision and has considered relevant factors."  Colorado Dep't of Soc. Servs. v. United States Dep't of Health & Human Servs., 29 F.3d 519, 522 (10th Cir. 1994);  see also  Northwest Pipeline Corp. v. Federal Energy Regulatory Comm'n, 61 F.3d 1479, 1486 (10th Cir. 1995).  Substantial evidence is "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotation omitted).  Findings of fact by the DEA, if supported by substantial evidence, are conclusive.  See 21 U.S.C. § 877.

Ms. Pierson applied for registration as a retail distributor of list I chemical as provided in 21 U.S.C. § 823(h).  The DEA may deny registration if it determines that the registration would be inconsistent with the public interest. See id.  In determining the public interest, respondent must consider

> (1) maintenance by the applicant of effective controls against diversion of listed chemicals into other than legitimate channels;
>
> (2) compliance by the applicant with applicable Federal, State, and local law;
>
> (3) any prior conviction record of the applicant under Federal or State laws relating to controlled substances or to chemicals controlled under Federal or State law;
>
> (4) any past experience of the applicant in the manufacture and distribution of chemicals;  and
>
> (5) such other factors as are relevant to and consistent with the public health and safety.

Id.

Upon review of the record and the parties' briefs, we cannot say that respondent's decision was arbitrary, capricious, or an abuse of discretion.  The Deputy Administrator articulated a rational basis for the decision and considered the relevant factors.  Further, petitioner herself brought up her current medical condition at the hearing.  After acknowledging her current problems, she should also have presented further evidence to demonstrate her progress.  The only medical evidence petitioner presented was a statement from her physician

-6-

submitted with her motion to continue the hearing on her application. Her physician stated that she was being treated for anxiety and panic disorder and he thought that "testifying in a court of law would likely re-traumatize this patient and cause a setback in her medical progress." Rec. Vol. III, Ex. 8, attachment.

This evidence is sufficient to support the Deputy Administrator's determination that Ms. Pierson had continuing mental and emotional problems. Ms. Pierson asserted only that she now had sufficient self-esteem to resist intimidation from customers who wished to purchase large quantities of ephedrine. In light of her acknowledgment of ongoing problems, Ms. Pierson bore the burden of proving her assertion.

The petition for review is DENIED.

Entered for the Court

David M. Ebel
Circuit Judge